IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK MCCANN,

                Plaintiff,

  v.                                              OPINION & ORDER

FAMILY COURT COUNSELING SERVICE          15-cv-93-jdp
and MARK M. MEIXENSPERGER,

                Defendants.

---

DERRICK MCCANN,

                Plaintiff,

                                                OPINION & ORDER
  v.

MARGARET M. ANDERSON,                           15-cv-94-jdp

                Defendant.

---

      Plaintiff Derrick McCann, a Madison resident, has filed two proposed civil complaints in which he states that officials involved in his Dane County paternity and child custody proceedings have discriminated against him based on his race. The court has already concluded that plaintiff may proceed *in forma pauperis* in these cases without prepayment of any portion of the $350 filing fee for each case.

      The next step in these cases is for the court to screen plaintiff's complaints and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

(per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing plaintiff's complaints with these principles in mind, I conclude that the complaints must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct the problems in his complaints.

## ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaints and the Wisconsin court system's online records. Plaintiff Derrick McCann is a Madison resident who is the father of two children (now aged 12 and 14) with Chelsea Lloyd. Plaintiff, who is black, does not live with Lloyd, who is white.

Plaintiff was involved in a paternity case regarding the children in the circuit court for Dane County (case no. 04PA590). Although plaintiff's complaints and the online court record are unclear, I take plaintiff to be saying that in 2004 he was judged to be the father of both children. The state circuit court also considered custody and placement issues. Defendant Margaret M. Anderson was the guardian ad litem for the children. Defendant Mark M. Meixensperger, who works for defendant Family Court Counseling Service, was also involved in the case.

Plaintiff believes that Lloyd abuses alcohol and drugs, has endangered the children's safety, and has violated the court's orders. Despite this, plaintiff never received custody of his children. Defendants Anderson and Meixensperger were supposed to investigate the children's living situation, but they failed to prevent them from suffering abuse. The children

were eventually removed from Lloyd's custody, but I take plaintiff to be saying that he did not receive custody. Plaintiff believes that both Anderson and Meixensperger sided with Lloyd over plaintiff because she is white and he is black.

ANALYSIS

At the outset, I note that plaintiff did not need to bring two separate lawsuits regarding his Dane County proceedings. Both of his cases could have been brought together under Federal Rule of Civil Procedure 20, which allows defendants to be joined in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." I will consider plaintiff's complaints in both cases to be part of his '093 case, dismiss the '094 case as unnecessary, and direct the clerk of court to waive the filing fee for the '094 case.

I take plaintiff to be attempting to bring claims for damages against defendants under 42 U.S.C. § 1983, for depriving him of his constitutional rights while they acted under color of state law. The types of claims commonly brought in federal civil rights lawsuits regarding the way child-custody proceedings were handled are procedural and substantive due process claims for deprivations of a parent or other relative's interest in "familial relations" with the child. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1018-20 (7th Cir. 2000). Because plaintiff alleges that defendants discriminated him, I also take him to mean that defendants violated his right to equal protection under the Fourteenth Amendment.

But the problem for plaintiff is that he fails to adequately explain what the defendants did to violate his rights. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to

3

include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Plaintiff's allegations are mostly vague and conclusory, stating that defendants sided with Lloyd in the proceedings and failed to protect his children. But plaintiff does not explain precisely what he means by this—he does not say what defendants did to side with Lloyd, or what they did or failed to do that put his children in harm's way. He does not explain the specific actions taken by defendants that violated his rights. Because plaintiff seems to focus on defendants' conduct within the Dane County court proceedings, I doubt that he will be able to bring any claims against defendants.

In particular, it is unlikely that plaintiff will be able to sustain claims against defendant Anderson in her role as a guardian ad litem because courts have generally concluded that guardians ad litem have absolute immunity for their representation and that they are not state actors subject to liability under § 1983. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Guardians ad litem . . . are absolutely immune from liability for damages when they act at the court's direction."); *Nelson v. Kujawa*, No. 07-CV-741, 2008 WL 2401260, at * 2 (E.D. Wis. June 11, 2008) ("state-appointed guardians ad litem are not state actors subject to liability under 42 U.S.C. § 1983") (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1091 (9th Cir. 2003); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986)).

It is not clear what role defendant Meixensperger and his agency "Family Court Counseling Service" had in the proceedings. My own research indicates that an agency headed by Meixensperger called Dane County Family Court Services "provides mediation

and evaluation services when Dane County has jurisdiction to assist in resolving custody and physical placements disputes in both divorce and paternity cases." *See* https://www.countyofdane.com/familycourtcounseling/services.aspx (last visited May 2, 2016). If all this agency did was attempt to mediate the dispute and provide a recommendation to the court, it is likely that Meixensperger is also immune from damages. *See Millspaugh v. County Dept. of Public Welfare of Wabash County*, 937 F.2d 1172, 1176 (7th Cir. 1991) ("social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court").

But without knowing exactly what plaintiff is saying defendants did to violate his rights, I will not immediately dismiss the case. Instead, I will dismiss his complaints for violating Rule 8, and give him a chance to file an amended complaint (combing his allegations from both the '093 and '094 cases) setting out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation or the Dane County litigation. Plaintiff should explain the specific actions each defendant took that he believes violated his rights. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick McCann's complaints are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Case no. 15-cv-94-jdp will be DISMISSED as unnecessary. The clerk of court is directed to waive plaintiff's filing fee for this case. Defendant Margaret M. Anderson will be joined as a defendant in case no. 15-cv-93-jdp.

3. Plaintiff may have until May 31, 2016, to submit a proposed amended complaint in case no. 15-cv-93-jdp more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss case no. 15-cv-93-jdp for plaintiff's failure to state a claim upon which relief may be granted.

Entered May 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge